**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CRYSTAL W.

                         Plaintiff,

         v.                                             5:24-CV-505
                                                         (DNH/DJS)

LELAND DUDEK, *Acting Commissioner of*
*Social Security*,

                         Defendant.
_____

**APPEARANCES:**                           **OF COUNSEL:**

LAW OFFICE OF STEVEN R. DOLSON PLLC         STEVEN R. DOLSON, ESQ.
Attorney for Plaintiff
6320 Fly Road, Suite 201
East Syracuse, New York 13057

U.S. SOCIAL SECURITY ADMIN.                 KRISTINA D. COHN, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER[1]

        Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a

decision by the Commissioner of Social Security that Plaintiff was not disabled.  Dkt.

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and
N.D.N.Y.L.R. 72.3(e).

No. 1.  Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings.  Dkt. Nos. 10 & 11.  For the reasons set forth below, it is recommended that Plaintiff's Motion for Judgment on the Pleadings be granted and Defendant's Motion be denied.  The Court, therefore, recommends that the matter be remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A.  Factual Background

Plaintiff was born in 1986.  Dkt. No. 8, Admin. Tr. ("Tr."), p. 433.  She completed high school.  Tr. at p. 45.  She has past work experience as a van driver, a nurse's aide, and a truck stocker.  Tr. at pp. 45, 47, & 49.  Plaintiff alleges disability based upon a major depressive disorder, anxiety, ADD, and ADHD.  Tr. at p. 159.

### B.  Procedural History

Plaintiff applied for disability and disability insurance benefits and supplemental security income benefits on October 5, 2021.  Tr. at p. 156.   She alleged a disability onset date of September 5, 2021.  Tr. at p. 158.  Plaintiff's application was initially denied on February 15, 2022.  Tr. at pp. 241-260.  Reconsideration was denied on July 15, 2022, Tr. at pp. 267-294, after which Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  Tr. at pp. 295-296.  Plaintiff appeared at a hearing before ALJ Gretchen Greisler on January 5, 2023, at which Plaintiff and a vocational expert testified.  Tr. at pp. 40-66.  On June 7, 2023, the ALJ issued a written decision finding Plaintiff was not disabled.  Tr. at pp. 10-29.  On February 23, 2024, the Appeals

Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner.  Tr. at pp. 1-6.

## C. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law.  First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2026.  Tr. at p. 13.  Second, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 5, 2021, the alleged onset date.  *Id.*  Third, the ALJ found that Plaintiff had the following severe impairments: cervical spine disorder, personality disorder, anxiety disorder, depressive disorder, ADHD, and post-traumatic stress disorder.  *Id.*  Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings").  *Id.*  The ALJ then found that Plaintiff has the residual functional capacity to perform work at the light exertional level except that she:

> can occasionally stoop, balance, and crawl but cannot climb ladders, ropes or scaffolds or work at unprotected heights. She can frequently reach in all directions. She retains the ability to perform simple tasks at a consistent, goal-oriented pace. The claimant can engage in occasional interaction with supervisors, coworkers, but not the public. The claimant can tolerate a low level of work stress, defined as work not requiring multitasking, detailed job tasks, significant independent judgment, sharing of job tasks or more than occasional minor changes.

Tr. at p. 17.

The ALJ then found that Plaintiff could not perform any past relevant work. Tr. at p. 27. Next, the ALJ found that transferability of job skills was "not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the [Plaintiff] is 'not disabled,' whether or not the [Plaintiff] has transferable job skills." Tr. at p. 28. The ALJ then determined that based on Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. at pp. 28-29. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 29.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that

amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential

evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step

process is as follows:

> First, the [Commissioner] considers whether the claimant is currently
> engaged in substantial gainful activity. If he is not, the [Commissioner]
> next considers whether the claimant has a "severe impairment" which
> significantly limits his physical or mental ability to do basic work
> activities. If the claimant suffers such an impairment, the third inquiry is
> whether, based solely on medical evidence, the claimant has an
> impairment which is listed in Appendix 1 of the regulations. If the
> claimant has such an impairment, the [Commissioner] will consider him
> disabled without considering vocational factors such as age, education,
> and work experience; the [Commissioner] presumes that a claimant who
> is afflicted with a "listed" impairment is unable to perform substantial
> gainful activity. Assuming the claimant does not have a listed impairment,
> the fourth inquiry is whether, despite the claimant's severe impairment, he
> has the residual functional capacity to perform his past work. Finally, if
> the claimant is unable to perform his past work, the [Commissioner]
> then determines whether there is other work which the claimant could perform.
> Under the cases previously discussed, the claimant bears the burden of the
> proof as to the first four steps, while the [Commissioner] must prove the
> final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758

F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can

be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S.

20, 24 (2003).

### III. ANALYSIS

Plaintiff objects to the ALJ's decision, in particular, the purported failure of the

ALJ to include functional limitations regarding her ability to move her neck. Dkt. No.

10, Pl.'s Mem. of Law at pp. 5-9. This relates to limitations identified by Dr. Elizabeth

Skinner, one of Plaintiff's treating providers. *Id.*

6

"The RFC is an administrative finding, not a medical finding, and there is no requirement that the RFC mirror any one medical opinion in the record." *Crystal C. v. Kijakazi*, 2022 WL 7276671, at *6 (N.D.N.Y. Aug. 4, 2022), *report and recommendation adopted*, 2022 WL 4015759 (N.D.N.Y. Sept. 2, 2022). However, the ALJ does need to adequately explain the nature of the conclusions reached in arriving at an RFC determination. This Court has consistently required that an ALJ provide a sufficient explanation of that determination to "allow[ ] a claimant or subsequent reviewer to follow the adjudicator's reasoning." *Christeenia C. v. Saul*, 2021 WL 2644104, at *4 (N.D.N.Y. June 28, 2021). This requires the ALJ to explain connections between the record evidence relied upon and the conclusions reached. *See Pamela P. v. Saul*, 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020). Here, the record is lacking in this regard and the Court recommends remand.

The ALJ found the opinion of Dr. Skinner "less persuasive." Tr. at p. 27. The ALJ's decision outlined Dr. Skinner's findings in some detail, *id.* at pp. 26-27, but concluded parts of that opinion were entitled to less weight "because they are inconsistent with the objective clinical findings reported in physical examinations" from several sources. *Id.* at p. 27. The ALJ also noted several internal inconsistencies regarding Dr. Skinner's opinion. *Id.* Significantly, however, the ALJ made note of Dr. Skinner's limitation of Plaintiff's ability to move her neck and look up, but specifically noted that those limitations "are not so inconsistent as there is some objective clinical information documented for these limitations and supported by the claimant's cervical

7

surgery in April 2022." *Id.* There is no further indication in the ALJ's decision, however, as to how this particular limitation was treated by the ALJ. While it is the prerogative of the ALJ to evaluate and credit the various medical opinions in the record, *Rebecca S. v. O'Malley*, 2024 WL 3298956, at *4 (N.D.N.Y. Apr. 15, 2024), *report and recommendation adopted*, 2024 WL 2889127 (N.D.N.Y. June 10, 2024), the "ALJ is required to explain how [s]he arrived at h[er] decision." *Keli Ann D. v. Comm'r of Soc. Sec.*, 2024 WL 3493274, at *4 (N.D.N.Y. July 22, 2024). As noted above, ALJ need not rely on an entire opinion and may choose to rely on only portions thereof, but in doing so must offer explanations for those findings. *Ryan H. v. Comm'r of Soc. Sec.*, 2021 WL 4059327, at *7 (W.D.N.Y. Sept. 7, 2021) ("an ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions."). Given that the ALJ pointedly noted that Dr. Skinner's findings regarding Plaintiff's neck movement were not subject to the same deficiencies as her other findings and were supported by objective medical evidence, Tr. at p. 27, the Court is left uncertain as to why that the ALJ nonetheless chose not to impose such restrictions. That question requires remand for further explanation on the part of the ALJ. *See*, *e.g.*, *Moscatello v. Saul*, 2019 WL 4673432, at *14 (S.D.N.Y. Sept. 25, 2019) ("It is beyond dispute that an ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions."); *Raymer v. Colvin*, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015) ("an ALJ who chooses to adopt only

portions of a medical opinion must explain his or her decision to reject the remaining portions.").

Defendant also argues that even if the ALJ erred, such error is harmless because additional neck movement limitations would not have an impact on the jobs identified by the vocational expert that Plaintiff could perform. Dkt. No. 11, Def.'s Mem. of Law at p. 8. There is reason to believe, however, that including a limitation on Plaintiff's ability to look down could have impacted her ability to work as an electronics assembler, one of the two jobs identified by the ALJ. *Johnson v. Astrue*, 2011 WL 6130881, at *2 (M.D. Fla. Nov. 9, 2011), *report and recommendation adopted*, 2011 WL 6130833 (M.D. Fla. Dec. 9, 2011) ("With the added limitation that the hypothetical individual could only bend his neck to look down occasionally - or one-third of an eight-hour day - the VE testified that such individual could not perform the [electronics assembler job].") In light of that, the Court cannot find that the error was harmless.

Accordingly, the Court recommends that the matter be remanded for an explanation of the ALJ's handling of Dr. Skinner's opinion regarding Plaintiff's ability to move her neck.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **REMANDED pursuant to sentence four**; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: April 1, 2025
          Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

10